IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

                          Plaintiff,

                                              CIVIL ACTION
            vs.                               No. 07-3302-SAC

ROGER WERHOLTZ, et al.,

                          Defendants.

ORDER

This matter is before the court on a civil complaint filed
under 42 U.S.C. § 1983 by an inmate confined in Hutchinson
Correctional Facility in Hutchinson, Kansas.     Pursuant to
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915, the court directed plaintiff to pay an initial
partial filing fee of $220.00.  In response, plaintiff submitted the
full $350.00 district court filing fee, which clearly satisfied the
initial partial filing fee assessed by the court.  *See also* 28
U.S.C. § 1915(b)(1)(prisoner proceeding in forma pauperis is
required to pay the full district court filing fee).  The court thus
grants plaintiff leave to proceed in forma pauperis, and finds no
further collection of the district court filing fee is required
under 28 U.S.C. § 1915(b)(2).

Plaintiff seeks damages and injunctive relief on ten[1] separate grounds alleging the violation of his constitutional rights while confined in Kansas correctional facilities.  The defendants named in the complaint are Roger Werholtz as Secretary of the Kansas Department of Corrections (KDOC), Ray Roberts as Warden of the El Dorado Correctional Facility (EDCF), Louis Bruce as former Warden of the Hutchinson Correctional Facility (HCF), Sam Cline as the current Warden of HCF, David McKune as Warden of Lansing Correctional Facility (LCF), Duane Muckenthaler as an LCF Correctional Counselor, Debra McConaghy as an HCF Correctional Counselor, and Thomas Phelan as the EDCF Chaplain.

### Screening under 28 U.S.C. § 1915A

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

---

[1]Plaintiff claims defendants violated his constitutional rights by:
    (I) depriving him of his property for a total of 30 days within a ten month period,;
    (II, III, and IV) administratively transferring him between facilities and losing legal documents and grievances;
    (VI) denying him all magazine subscriptions;
    (V and VII) denying him all property and privileges for 469 consecutive days, and subjecting him to excessive isolation for 902 consecutive days;
    (VIII) subjecting him to 24 hour video surveillance and excessive searches; and
    (X) forcing him to change his religious denomination and interfering with his exercise of his religious beliefs.
Plaintiff additionally alleges that all grounds taken together violated his constitutional rights, but the court does not address this collective allegation as a separate ground.

28 U.S.C. § 1915A(a) and (b).  Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of alleging "enough facts [taken as true] to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1974  (2007).  See Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

     "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  It is well established that 42 U.S.C. § 1983 itself creates no substantive rights, but merely provides a remedy for deprivations of a plaintiff's federal rights. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).  To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States, and that the act or omission causing the deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).   No liability under § 1983 is

established by allegations of duties of care arising under state tort law, including injury to life, liberty, and property caused by a state official's negligence.  DeShaney v. Winnebago County DSS, 489 U.S. 189, 201-03 (1989); Daniels v. Williams, 474 U.S. 327, 328-31 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

Having reviewed plaintiff's allegations, the court finds the four of plaintiff's grounds are subject to being summarily dismissed as stating no claim for relief.  28 U.S.C. § 1915A(b)(1).

Four Grounds Subject to Summary Dismissal

*Intermittent Deprivation of Property - Ground I*

Plaintiff claims defendants violated plaintiff's Fourteenth Amendment right to due process by depriving him of his personal property for a total of 30 days within a ten month period.

The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  However, "[a] due process claim under the Fourteenth Amendment can only be maintained where there exists a constitutionally cognizable liberty or property interest with which the state has interfered."  Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006)(*citation omitted*).  A deprivation of property occasioned by prison conditions or a prison regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. (*quoting* Sandin v. Conner, 515 U.S. 372, 484 (1995).

4

In the present case, the alleged temporary and intermittent deprivation of plaintiff's property is insufficient to demonstrate any atypical or significant deprivation for the purpose of creating a property interest protected by the Due Process Clause. Accordingly, this ground is subject to being summarily dismissed as presenting no viable constitutional claim for seeking relief under 42 U.S.C. § 1983.

*Access to the Courts - Grounds II, III, and IV*

Plaintiff claims defendants deprived him of his property during administrative facility transfers, and thereby unlawfully obstructed plaintiff's access to the courts.   Plaintiff further claims defendants lost legal documents and grievances belonging to plaintiff, and thereby violated his constitutional right to petition the government.

While a prisoner still retains a fundamental right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), to state an actionable claim for the deprivation of this right he must demonstrate an actual injury that "hindered his efforts to pursue a legal claim."   Id. at 351.   This right of access to the courts extends only to protect an inmate's ability to prepare initial pleadings in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus.   *See* Wolff v. McDonnell, 418 U.S. 539, 576 (1974); Carper v. DeLand, 54 F.3d 613, 617 (10th Cir. 1995).

In the present case, plaintiff states the temporary deprivation of his property prevented him from filing two state habeas petitions

in a timely manner.   Plaintiff indicates the two petitions were "germane to his conviction," but provides nothing more to indicate his pursuit of a non-frivolous claim.   And significantly, while plaintiff cites his attempts to seek assistance from Prison Legal Services and the state court clerk's office, plaintiff acknowledges he never sought leave from the state district court for additional time to file a petition, or to supplement a timely filed petition. These allegations are insufficient to demonstrate the prejudice required to state a plausible claim that any defendant impermissibly interfered with plaintiff's access to the courts.

Plaintiff also cites untimely administrative responses to his institutional grievances and appeals.   These allegations state no claim for relief because plaintiff is not constitutionally entitled to a grievance procedure or to any particular administrative response, thus he cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or resolved.   Booth v. King, 346 F.Supp.2d 751, 761 (E.D.Pa. 2001).   See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance.").

The court thus finds these three grounds are subject to being summarily dismissed because plaintiff's allegations fail to state a cognizable claim for relief under 42 U.S.C. § 1983.

*Show Cause Order to Plaintiff*

For the reasons stated herein and above, the court directs plaintiff to show cause why Grounds I through IV should not be summarily dismissed as stating no claim for relief.  The failure to file a timely response may result in these claims being dismissed by the court without further prior notice to plaintiff.

## Remaining Six Claims

The court finds plaintiff's remaining six claims (Grounds V through X) alleging long term segregated confinement under constant surveillance with the denial of property and privileges including all magazine subscriptions, and the unlawful interference with plaintiff's exercise of his religious beliefs, are sufficient to warrant a response after the court has reviewed any response by plaintiff to the court's finding that the four claims identified above as stating no claim for relief are subject to being summarily dismissed.

## Request for Appointment of Counsel

Plaintiff's motion for appointment of counsel is denied without prejudice.  Plaintiff has no right to the assistance of counsel in this civil action, Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989).  The court finds the facts and legal issues associated with plaintiff's claims do not warrant the appointment of counsel at this time.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for appointment

of counsel (Doc. 3) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why Grounds I-IV should not be summarily dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 18th day of September 2008 at Topeka, Kansas.

 s/ Sam A. Crow          
SAM A. CROW
U.S. Senior District Judge
