IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD GRISSOM,

                Plaintiff,

                                              CIVIL ACTION
    vs.                                        No. 07-3302-SAC

ROGER WERHOLTZ, et al.,

                Defendants.

## ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint seeking damages and injunctive relief under 42 U.S.C. § 1983 on ten separate grounds alleging the violation of his constitutional rights while confined in Kansas correctional facilities. The defendants named in the complaint are Kansas Department of Corrections (KDOC) officials and staff.[1] The court considered the ten claims asserted in the extensive complaint and directed plaintiff to show cause why the first four claims should not be summarily dismissed as stating no claim for relief. Having reviewed plaintiff's response, the court dismisses Grounds I through IV.

---

[1] The defendants named in the complaint are: Roger Werholtz as (the now former) Secretary of KDOC, Ray Roberts as (the now former) Warden of the El Dorado Correctional Facility (EDCF), Louis Bruce as former Warden of the Hutchinson Correctional Facility (HCF), Sam Cline as the current Warden of HCF, David McKune as Warden of Lansing Correctional Facility (LCF), Duane Muckenthaler as an LCF Correctional Counselor, Debra McConaghy as an HCF Correctional Counselor, and Thomas Phelan as the EDCF Chaplain.

*Grounds I through IV*

In his first four grounds, plaintiff alleges he was unlawfully deprived of his personal property for a total of 30 days within a ten month period, and complains that the loss of his legal documents and grievances during administrative transfers between KDOC facilities impaired his ability to pursue legal actions in the state courts.

The court found plaintiff's first claim of being intermittently deprived his property was insufficient to establish an "atypical or significant deprivation" for purposes of establishing a plausible due process claim. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995)(deprivation occasioned by prison conditions or regulation does not reach protected liberty interest status and require procedural due process protection unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir.1999)(applying *Sandin* to inmate property interest claim).

In response, plaintiff acknowledges the loss of his property is temporary and intermittent, cites a nine day deprivation as an example, broadly contends he and his property are being treated differently than other prisoners, and points to the impact of these intermittent deprivations on a person in segregated confinement. This response, while perhaps relevant to plaintiff's actionable claims of long term isolated confinement, provides no factual basis for an independent due process claim based on plaintiff's temporary and intermittent non-possession of his personal property.

The court also found plaintiff's allegations of being deprived of his property during administrative facility transfers, and the loss of legal documents and grievances, were insufficient to establish a viable claim that plaintiff was denied his right of access to the courts or to petition the government because plaintiff identified no actual injury that resulted. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996)(prisoner retains right of access to the courts, but actionable claim requires showing of an actual injury). The court noted plaintiff's timely filed petition in the state courts, and plaintiff's failure to seek assistance from that court for additional time to supplement the petition.

In response, plaintiff cites his legal inexperience, and explains that Legal Services for Prisoners misinformed him about proceeding in the state district court. This is insufficient to demonstrate a factual basis for any plausible claim that any defendant impermissibly interfered with plaintiff's constitutional right of access to the courts.

The court further found plaintiff's allegations of untimely administrative responses to his institutional grievances and appeals stated no claim for relief under § 1983 because plaintiff has no protected right to a grievance procedure or to any particular administrative response. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his

grievance.").

In response, plaintiff points to exhaustion requirements for seeking judicial review, the difficulties presented with the loss of personal documents, and the overall effect of the temporary deprivation or loss of his property during repeated administrative transfers. The court remains convinced, however, that no separate viable claim is stated against any defendant regarding the handling of plaintiff's administrative grievances.

Accordingly, for the reasons stated herein and in the order to show cause, the court concludes Grounds I-IV should be dismissed as stating no claim for relief.

*Grounds V through X*

The court continues to find a response is required on plaintiff's remaining six grounds alleging long term segregated confinement under constant surveillance with the denial of property and privileges including all magazine subscriptions, and the unlawful interference with plaintiff's exercise of his religious beliefs.[2] The court also finds proper and judicial processing of plaintiff's remaining claims cannot be achieved without additional information from appropriate officials of the Department of Corrections of the State of Kansas. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

---

[2]Under the circumstances, where plaintiff is not responsible for the delay in service of process, the court finds good cause for extending the time for service of defendants to sixty days from the date of this order. Fed.R.Civ.P. 4(m).

4

IT IS THEREFORE ORDERED that Grounds I-IV in the complaint are dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that:

(1) The clerk of the court shall prepare waiver of service of summons forms for all defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein shall be filed no later than sixty (60) days from the date of this order. The answer shall be filed within twenty (20) days following the filing of that report, or by the date an answer is required under Rule 4, whichever date is later.

(2) Officials responsible for the operation of the KDOC Correctional facilities involved are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled and submitted to the court. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical

or psychiatric examinations shall be included in the written report. No response to the *Martinez* report shall be filed without leave of the court.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed without leave of the court until the *Martinez* report has been filed.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(7) The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections of Kansas, and to the Attorney General of the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 8th day of March 2011 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge